IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK ANDRITZKY | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 6633 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| CONCORDIA UNIVERSITY CHICAGO, JOHN JOHNSON, MANFRED BOOS, and GARY WENZEL, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Frank Andritzky has filed a three-count complaint against his former employer, Concordia University Chicago ("CUC"), and CUC administrators, John Johnson, Manfred Boos, and Gary Wenzel, asserting claims under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.* ("USERRA"), for discrimination (Count I), retaliation (Count II), and failure to reemploy (Count III). Defendants have filed a partial motion to dismiss claims arising before July 6, 2005, as time-barred under Fed. R. Civ. P. 12(b)(6). For the reasons stated below, defendants' motion is granted as to plaintiff's claims of USERRA violations that arise from events occurring before October 10, 2004, and denied in all other respects.

## FACTS

The facts alleged in the complaint are taken as true for purposes of the instant motion. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). CUC hired plaintiff as a professor of political science in 1988, after which he worked under a series of multi-year contracts on tenure track. Between June 1999 and January 2007, plaintiff was on active duty with the Army. Plaintiff alleges that, between January 2002 and December 2007,

CUC took adverse employment actions against plaintiff because of his military service. Specifically, plaintiff identifies six adverse employment actions (January 9, 2002, December 11, 2003, December 17, 2004, November 15, 2005, December 12, 2006, and December 25, 2007) in connection with his claims for discrimination, retaliation, and failure to reemploy.

Plaintiff alleges that, on or about January 9, 2002, CUC demoted him to probationary status by requiring him to sign a one-year contract, and that some of those involved in the decision commented on plaintiff's military service. For example, on May 17, 2002, defendant Boos questioned plaintiff about the possibility of his return to active duty and expressed concern about the consistency of his presence at CUC. Worried that the demotion was due to his military service, plaintiff protested to CUC's president at the time, Dr. George Heider. Subsequently, Dr. Heider instructed defendant Boos to reconvene the Faculty Review Council, and plaintiff's multi-year contract was restored.

Plaintiff was recalled to active duty in or about March 2003. Plaintiff alleges that, over the next few years, CUC forced him to sign a one-year contract on three occasions: December 11, 2003, December 17, 2004, and November 15, 2005. Plaintiff further alleges that CUC forced him to sign the contracts so that CUC could terminate him at any time after his return from active duty.

On or about October 1, 2006, plaintiff informed CUC's Chair of the Department of History and Political Science, Dr. David Settji, that plaintiff was scheduled to retire from the Army in early 2007. One month prior to plaintiff's retirement, on December 12, 2006, CUC again presented him with a one-year contract. Plaintiff did not sign the contract until March 23, 2007. Prior to that date, plaintiff returned to full-time employment at CUC, discussed the

2

contract with defendants Johnson and Wenzel, and submitted documentation in support of his re-application for the 2008-2009 school year. As with all previous one-year contracts, plaintiff signed the March 23, 2007, contract under protest and asserting that it violated USERRA.

On December 25, 2007, plaintiff received a letter from defendant Johnson stating that CUC would not renew plaintiff's current contract after it ended on June 30, 2008. At the time, plaintiff was in the top ten to fifteen percent in seniority among CUC associate professors.

Plaintiff alleges that defendants discriminatorily denied him reemployment, retention in employment, promotion, and other benefits of employment when defendants demoted him to probationary status, offered one-year contracts, gave notice of contract termination, and terminated him because of his military status (Count I). Plaintiff further alleges that defendants' adverse employment actions retaliated against plaintiff for seeking to enforce his rights under USERRA (Count II) and that defendants violated USERRA by failing to reemploy plaintiff because of his military status (Count III).

## DISCUSSION

**Legal Standard**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to rule on its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and draws all reasonable inferences in the plaintiff's favor. McMillan v. Collection Prof'ls, Inc., 455 F.3d 754, 758 (7th Cir. 2006). Nevertheless, the complaint must plead sufficient facts to suggest plausibly that the plaintiff is entitled to relief. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

**Statute of Limitations**

Arguing that the federal four-year statute of limitations, 28 U.S.C. § 1658, applies to plaintiff's claims, defendants have moved to dismiss plaintiff's claims of USERRA violations that arise from events occurring before July 6, 2005. The instant complaint was filed on July 6, 2009. Defendants argue that, (1) the federal four-year statute of limitations ("§ 1658") applies to USERRA after its enactment in 1994, and (2) the Veterans' Benefits Improvement Act ("VBIA") did not revive expired USERRA claims after VBIA's enactment on October 10, 2008.

In response to defendants' first point, plaintiff argues that § 1658 is inapplicable because USERRA merely clarified the Veterans' Reemployment Rights Act ("VRRA"), which predated § 1658 and had no statute of limitations. Plaintiff further argues that Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004), split lower courts on whether § 1658 is applicable to USERRA and that this court should find persuasive those courts declining to apply § 1658, in accordance with legislative intent.

Congress enacted § 1658 to address the lack of a uniform federal statute of limitations and the courts' practice of borrowing states' statutes of limitations. See Jones, 541 U.S. at 377-80. Section 1658(a) states:

> Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.

In 1994, USERRA was enacted without reference to § 1658. Congress did not exempt USERRA from any limitations period, but provided only that "[n]o State statute of limitations shall apply to any proceeding under this chapter." 38 U.S.C. § 4323(c)(6). Subsequently, the Jones court discussed the application of §1658 to claims under 42 U.S.C. § 1981, amended by

4

the Civil Rights Act of 1991. As with VRRA, 42 U.S.C. § 1981 had no statute of limitations. The court held that a cause of action that "'aris[es] under an Act of Congress enacted' after December 1, 1990 – and therefore is governed by § 1658's four-year statute of limitations – if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." Jones, 541 U.S. at 382. Moreover, "[w]hat matters is the substantive effect of an enactment – the creation of new rights of action and corresponding liabilities – not the format in which it appears in the Code." Id. at 381.

This court finds Middleton v. City of Chicago, 578 F.3d 655 (7th Cir. 2009), persuasive and controlling.[1] Charles Middleton served in the Air Force from 1960 through 1989. In 1993, Middleton applied for, but did not receive, two positions with the City. In 2007, Middleton sued the City under USERRA, claiming that it did not hire him because of his military service. The district court held that Middleton's USERRA claim was barred by § 1658, and the court of appeals agreed. In the instant case, plaintiff's arguments are addressed in Middleton, 578 F.3d at 660-62:

> Middleton alleged that the City's "violation of USERRA was willful," and he sought all "just and proper" relief. Such relief encompasses the new remedies that Congress provided for veterans in USERRA. Applying the Supreme Court's

---

[1]This court does not find persuasive the cases cited by plaintiff to support his two arguments in response to defendants' claim that § 1658 applied to USERRA after its enactment. For example, the following cases do not involve a statute of limitations: McGuire v. United Parcel Service, 152 F.3d 673 (7th Cir. 1998); Maher v. City of Chicago, 406 F. Supp. 2d 1006 (N.D. Ill. 2006); and Miller v. City of Indianapolis, 281 F.3d 648 (7th Cir. 2002). The use of Aull v. McKeon-Grano Associates, Inc., 2007 WL 655484 (D. N.J. Feb. 26, 2007), and Nino v. Haynes Int'l, Inc., 2005 WL 4889258 (S.D. Ind. Aug. 19, 2005), is also inapposite. These cases found § 1658 applicable, and they are not persuasive of a contrary finding for the reasons offered by plaintiff; i.e., Aull was decided in accordance with all courts in its district and the Third Circuit, and Nino was decided pre-VBIA. Even without addressing issues later raised by VBIA, Nino supports the notion that § 1658 applies despite VRRA.

5

reasoning in Jones, Middleton's current claim was "made possible by" and "necessarily depend[s]" on USERRA, meaning it arose under a cause of action enacted after § 1658.

[T]he only ambiguity we find concerning USERRA is in its legislative history, not in the statute's actual language. And where a statute's language is clear, we look to the legislative history only to determine whether Congress expressed a clear intention to the contrary of the literal application of that language. We find no contrary intention here.

Accordingly, USERRA's legislative history and the DOL's interpretation of the law do not convince us that Congress intended to immunize USERRA claims from § 1658.

Thus, this court finds § 1658 applicable because USERRA established additional rights and liabilities that did not exist under VRRA.[2] Further, this court is not persuaded by the few courts declining to apply § 1658, purportedly in support of legislative history.[3]

Second, defendants argue that VBIA did not revive expired USERRA claims after VBIA's enactment on October 10, 2008. In response, plaintiff argues that Middleton is distinguishable from the instant case and thus is not controlling. Plaintiff further argues that the applicable statute of limitations is that in force at the time of filing. VBIA amended USERRA by eliminating the provision prohibiting the application of states' statute of limitations and replacing it with the following provision:

> If any person seeks to file a complaint or claim with the Secretary [of Labor], the Merit Systems Protection Board, or a Federal or State court under this chapter alleging a violation of this chapter, there shall be no limit on the period for filing the complaint or claim.

---

[2]For the Seventh Circuit's analysis, see Middleton, 578 F.3d at 658-59. It is not repeated here because Middleton addresses the *exact* arguments that plaintiff offers in the instant case.

[3]Again, for the Seventh Circuit's analysis, see Middleton, 578 F.3d at 660-62.

Middleton is again instructive, but contrary to defendants' assertion it is not entirely on point. Defendant argues that, post-Middleton, USERRA claims *arising before* VBIA's enactment are subject to § 1658, and thus plaintiff's claims arising more than four years prior to the July 6, 2009, filing of the instant complaint are time-barred. Yet, as plaintiff notes, the Middleton plaintiff filed his claim pre-VBIA and thirteen years after the claim had accrued. Middleton, 578 F.3d at 663, does not actually resolve whether plaintiff's claims arising between October 10, 2004, and July 6, 2005, are timely:

> Because Middleton alleged conduct occurring more than four years before Congress enacted the VBIA, we need not decide whether § 4327(b) applies retroactively to a claim that accrued within the four years preceding the VBIA.

Because Middleton is clear that claims that have *expired before* VBIA's enactment on October 10, 2008 are time-barred, plaintiff's claims arising before October 10, 2004, are time-barred because they were subject to § 1658 and expired before VBIA's enactment. Obviously, plaintiff's claims arising after July 6, 2005, are timely because, even if they were subject to § 1658, plaintiff filed within four years. Thus, of the six adverse employment actions (January 9, 2002, December 11, 2003, December 17, 2004, November 15, 2005, December 12, 2006, and December 25, 2007) plaintiff identifies in connection with his claims for discrimination, retaliation, and failure to reemploy, only the action on December 17, 2004, is arguably not time-barred under Middleton.

To determine whether a claim accruing within the four years preceding VBIA is subject to § 1658, this court must consider whether application of VBIA would have retroactive effect; i.e., it would impair rights, increase liability for past conduct, or impose new duties with respect to transactions already completed. The analysis in Roark v. Lee Co., 2009 WL 4041691 (M.D.

7

Tenn. Nov. 20, 2009), is instructive here. In Roark, the plaintiff's claims accrued in 2003 and 2004, expiring prior to VBIA's enactment. The plaintiff filed in May 2009. Like the Middleton court, the Roark court held that the expired claims were time-barred, but its analysis differed from that in Middleton. The Roark court considered, in part, the Landgraf test and the ex post facto clause.

In Landgraf v. USI Film Prods., 511 U.S. 244 (1994), the Court prescribed a test for determining whether a statute may apply retroactively. The test requires determination of whether Congress has specified the statute's reach and, in the absence of express specification, whether the statute would have retroactive effect. Relying on its analysis of Congressional history, the Roark court reasoned that VBIA should apply retroactively to claims filed after its enactment, even if they had expired thereafter. Roark, 2009 WL 4041691 at *5. It noted that "rules of procedure regulate secondary rather than primary conduct," and "the fact that a new procedural rule was instituted after the conduct giving rise to the suit does not make the application of the rule [] retroactive." Id. at *2 (quoting Landgraf, 511 U.S. at 275, 286). The Roark court also noted that newly enacted limitations periods are deemed procedural rules not governed by the retroactivity rule. Roark, 2009 WL 4041691 at *5 (citing Forest v. United States Postal Service, 97 F.3d 137, 149 (6th Cir.1996)).

Nevertheless, applying the second Landgraf prong, the Roark court ultimately concluded that § 1658 applied to the plaintiff's claims because the application of VBIA would eliminate the defendant's affirmative defense. Roark, 2009 WL 4041691 at *6. VBIA is subject to the ex post facto clause, see Landgraf, 511 U.S. at 266, and "'[a] law that abolishes an affirmative defense'

8

violates the Ex Post Facto clause." Hughes Aircraft Co. v. U.S. ex rel. Schumer, 520 U.S. 939, 948 (1997) (quoting Collins v. Youngblood, 497 U.S. 37, 49 (1990)).

In the instant case, the application of VBIA would not eliminate an affirmative defense. In Roark, the plaintiff's claims accrued in 2003 and 2004, expiring prior to VBIA's enactment. Thus, the plaintiff's claims were time-barred because application of VBIA would deprive the Roark defendant of his § 1658 affirmative defense. In the instant case, plaintiff's claim accrued in December 2004 and expired after VBIA's enactment in October 2004. Application of VBIA would not deprive defendants of an affirmative defense because any claims based on the December 17, 2004, action were timely at VBIA's enactment. Defendants had no protected interest after that date.

Accordingly, plaintiff's claims of USERRA violations that arise from events occurring before October 10, 2004, are dismissed, and the claim based on the December 17, 2004, conduct is not time-barred.

**Continuing Violation**

Plaintiff argues that, even if particular claims are time-barred, the court should consider these adverse employment actions as circumstantial evidence under the continuing violation doctrine. Defendants respond that the doctrine is inapplicable and such a determination by the court is premature.

Plaintiff does not refer to the continuing violation doctrine as it is commonly applied. Even so, the parties dispute whether the adverse employment actions are discrete. The continuing violation doctrine allows a plaintiff to seek relief for a time-barred act by linking it with an act that is within the limitations period. Selan v. Kiley, 969 F.2d 560, 564 (7th

9

Cir.1992). If plaintiff knew, or "with the exercise of reasonable diligence would have known after each act that it was discriminatory and had harmed" him, plaintiff must sue within the relevant statute of limitations. Jones v. Merchants Nat'l Bank & Trust Co. of Indianapolis, 42 F.3d 1054 (7th Cir. 1994). "The continuing violation doctrine applies when the unlawfulness of defendant's actions becomes apparent only after the culmination of a series of related events; it does not apply to a series of related, but discrete, discriminatory acts." Patterson v. County of Cook, 2003 WL 21418337, at *2 (N.D. Ill. June 17, 2003) (citing Clark v. City of Braidwood, 318 F.3d 764, 767 (7th Cir. 2003). This court, in Gross v. The Gap, Inc., 2007 WL 1075029, at *2 (N.D. Ill. Apr. 5, 2007), held that a failure to promote was a discrete act. In the instant case, because plaintiff knew of the adverse employment actions when each occurred, the continuing violation doctrine is inapplicable.

Circumstantial evidence from the time-barred claims, however, may be admissible. For example, in Treadwell v. Office of the Ill. Secretary of State, 455 F.3d 778 (7th Cir. 2006), the court discussed the plaintiff's burden of establishing a case of retaliation under the direct or indirect method. Under the direct method of proof, a plaintiff must offer evidence that he engaged in statutorily protected activity, that the defendants subjected him to an adverse employment action, and that a causal connection exists between the two events. Id. at 781. The Treadwell court stated that "circumstantial evidence that is relevant and probative on any of the elements of a direct case of retaliation may be admitted and, if proven to the satisfaction of the trier of fact, support a case of retaliation." Id. Thus, circumstantial evidence will be admissible if appropriate, an issue the court will revisit at a later stage in these proceedings.

## CONCLUSION

For the reasons stated above, defendants' motion is granted as to plaintiff's claims of USERRA violations that arise from events occurring before October 10, 2004, and denied in all other respects.

**ENTER:** April 8, 2010

_____
**Robert W. Gettleman
United States District Judge**